**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HANNA DORMAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:16CV601 HEA |
| | ) | |
| BAYER CORP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss, [Doc. No. 11] and Plaintiffs' Motion to Remand [Doc. No. 17]. The motions are fully briefed and ready for disposition.[1]

**Background**

Plaintiffs filed this action in the Circuit Court of the City of St. Louis alleging fourteen causes of action against Defendants arising out of personal injuries Plaintiffs allegedly sustained from being prescribed and implanted with the Essure system of permanent birth control manufactured by Defendants. Plaintiffs assert claims of negligence, negligence per se, strict products liability for failure to warn, defective manufacturing, common law fraud, constructive fraud, fraudulent

[1] The Court has also considered the supplemental authority submitted by the parties.

concealment, breach of express warranty, breach of implied warranty, violations of consumer protection laws, Missouri Products liability, violation of the Missouri Merchandising Practices Act, and gross negligence. The thirty two Plaintiffs reside in 21 states, including Arizona, California, Colorado, Florida, Georgia, Indiana, Maine, Massachusetts, Minnesota, Mississippi, Missouri, Montana, New Jersey, New York, North Carolina, Oklahoma, Pennsylvania, Texas, and Utah.

Defendant Bayer HealthCare LLC was a citizen of Delaware, California, Pennsylvania, Germany, and the Netherlands for purposes of diversity jurisdiction at the time the Petition was filed. Since April 21, 2016, it has been a citizen of Delaware, New Jersey, Pennsylvania, Germany, and the Netherlands. Defendant Bayer Essure Inc. is a Delaware corporation with its principal place of business at the time the Petition was filed in California. *See* 28 U.S.C. § 1332(c). Because Bayer Essure Inc.'s principal place of business has been in New Jersey since April 21, 2016, it is now a citizen of Delaware and New Jersey for diversity purposes. *Id.* Bayer HealthCare Pharmaceuticals Inc. is a Delaware corporation with its principal place of business in New Jersey. Bayer A.G. is a German corporation. Thus, for diversity purposes, it is a citizen of Germany. *See* 28 U.S.C. § 1332(c).

On April 28, 2016, Defendants removed this action to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a) and federal question jurisdiction under 28 U.S.C. § 1331.

Despite the lack of complete diversity on the face of the Petition, Defendants contend that federal diversity jurisdiction exists because this Court does not have personal jurisdiction over the non-Missouri Plaintiffs. Defendants urge the Court to rule on the personal jurisdiction issue before addressing the issue of subject matter jurisdiction. Plaintiffs move to remand this case to the Circuit Court of the City of St. Louis, Missouri, because complete diversity does not exist, and Plaintiffs' claims are not fraudulently joined. Furthermore, Plaintiffs contend there is no federal question claims in their Petition.

**Discussion**

A district court may not proceed in a case unless it has jurisdiction. *Crawford v. F. Hoffman-La Roche, Ltd*, 267 F.3d 760, 764 (8th Cir. 2001). Under Supreme Court precedent set forth in *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S.574 (1999), a Court has discretion to consider personal jurisdiction first where personal jurisdiction is straightforward and presents no complex question of state law, and the alleged defect in subject matter jurisdiction raises a difficult question. *Id.* at 588; *see also Crawford,* 267 F.3d at 764 ("[C]ertain threshold questions, such as personal jurisdiction, may be taken up without a finding of subject-matter jurisdiction, provided that the threshold issue is simple when compared to the issue of subject-matter jurisdiction."). However, "in most instances subject-matter jurisdiction will involve no arduous inquiry ... [and] both expedition and sensitivity

to state courts' coequal stature should impel the federal court to dispose of that issue first." *Id.* at 587-88. Courts in this district addressing the same issue have found that personal jurisdiction requires a more fact-intensive inquiry than the straightforward issue of subject-matter jurisdiction. *See, e.g., Joseph v. Combe Inc.*, No. 4:16CV284 RLW, 2016 WL 3339387, at *1–3 (E.D. Mo. June 13, 2016)(finding the issue of subject matter jurisdiction was a straightforward legal issue that judges in this district had already addressed); *Morgan v. Janssen Pharms., Inc., No. 4:14-CV-1346 CAS, 2014 WL 6678959, at *2* (E.D. Mo. Nov. 25, 2014) (finding the issue of subject matter jurisdiction in an action arising from the drug Risperidone was a straightforward legal issue that judges in this district had already addressed and that issues of personal jurisdiction required a more fact-intensive inquiry); *Butler v. Ortho-McNeil-Janssen Pharms., Inc.*, No. 4:14CV1485 RWS, 2014 WL 5025833, at *1 (E.D. Mo. Oct. 8, 2014) (declining to rule on issues of personal jurisdiction first because the subject matter jurisdiction issue was not arduous). Thus, the Court in its discretion will first determine the issue of subject matter jurisdiction, as the question of personal jurisdiction requires a more fact-intensive inquiry. *See Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072-73 (8th Cir. 2004) (noting a determination of personal jurisdiction requires looking at affidavits and exhibits in addition to the face of the pleadings).

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010) (citation omitted). Under 28 U.S.C. § 1332(a), a district court has original jurisdiction over a civil action where the amount in controversy exceeds the sum of $75,000 and there is complete diversity of citizenship between the litigants. "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *One Point Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (citation omitted). In removal cases, the Court reviews the state court petition and the notice of removal in order to determine whether it has jurisdiction. *Branch v. Wheaton Van Lines, Inc.*, No. 4:14-CV-01735, 2014 WL 6461372, at *1 (E.D. Mo. Nov. 17, 2014). "Where the defendant seeks to invoke federal jurisdiction through removal, ..., it bears the burden of proving that the jurisdictional threshold is satisfied." *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009) (citation omitted). District courts are to resolve all doubts regarding federal jurisdiction in favor of remand. *In re Business Men's Assur. Co. of Am.*, 992 F.3d 181, 183 (8th Cir. 1993).

Courts have recognized that exception to the complete diversity requirement exists where "a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." *In re Prempro*, 591 F.3d at 620;*see also*

*Filla v. Norfolk S. Ry Co.*, 336 F.3d 806, 810 ("Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent."). In the instant case, Defendants argue that the non-Missouri citizens in this case are fraudulently joined with the Missouri Plaintiffs because the out-of-state Plaintiffs cannot establish personal jurisdiction under Missouri law.

In this district, courts have consistently held that an alleged lack of personal jurisdiction does not establish fraudulent joinder. *See Joseph* No. 4:16CV284 RLW, 2016 WL 3339387, at *1–3; *Johnson v. Bayer*, No. 4:16CV729 CEJ (May 26, 2016)(*sua sponte* finding that defendants failed to establish lack of diversity and federal question jurisdiction); *Triplett v. Janssen Pharms., Inc.*, No. 4:14CV02049AGF, 2015 U.S. Dist. LEXIS 160580, at *13 (E.D. Mo. July 7, 2015) (finding defendants failed to satisfy their burden to establish fraudulent joinder because the fraudulent joinder doctrine requires the court to consider the merits of plaintiffs' claims under state law, and a personal jurisdiction challenge does not go to the merits of the claim); *Gracey v. Janssen Pharms., Inc.*, No. 4:15-CV-407 CEJ, 2015 WL 2066242, at *3 (E.D. Mo. May 4, 2015) (rejecting defendants' attempt to premise a fraudulent joinder argument on the state court's alleged lack of personal jurisdiction); *Simmons v. Skechers USA, Inc.*, No. 4:15CV340 CEJ, 2015 WL 1604859, at *3 (E.D. Mo. Apr. 9, 2015) (remanding action because the defendants' only argument for fraudulent joinder of non-

Missouri plaintiffs was a procedural challenge to personal jurisdiction instead of a substantive challenge to the viability of the claims). See, e.g., *Robinson v. Pfizer*, Inc., No. 4:16CV439 CEJ, 2016 WL 1721143 (E.D. Mo. Apr. 29, 2016) (collecting cases); *Swann v. Johnson & Johnson*, No. 4:14CV1546 CAS, 2014 WL 6850776 (E.D. Mo. Dec. 3, 2014) (declining to consider issues of personal jurisdiction and venue when the issue of subject matter jurisdiction is straightforward and has already been addressed by judges in this district). For the same reasons set forth in the earlier cases, the plaintiffs' claims here are neither fraudulently joined nor misjoined and complete diversity is absent. See *In re Prempro*, 591 F.3d at 623. Thus, removal cannot be based on diversity of citizenship.

As other courts in the Eastern District of Missouri have found on the same issues this court finds that Defendants have failed to establish fraudulent joinder in this case. Courts in this district have determined that the joinder of plaintiffs alleging injury from a single product is not "egregious" because common issues of law and fact connect the plaintiffs' claims. *See, e.g.*, *Valle v. Ethicon, Inc.*, No. 4:13CV798 RWS, 2013 U.S. Dist. LEXIS 186552 (E.D. Mo. Apr. 29, 2013) (transvaginal mesh products); *T.F. v. Pfizer, Inc.*, No. 4:12CV1221 CDP, 2012 U.S. Dist. LEXIS 101859, 2012 WL 3000229 (E.D. Mo. July 23, 2012) (Zoloft®). Plaintiffs have filed suit against the Defendants for injuries caused by the same contraception system and arising out of the same practices for those products such

that common issues of law and fact are likely to arise in the litigation. *See In re Prempro*, 591 F.3d at 623.

In the notice of removal, defendants also invoke federal question jurisdiction pursuant to 28 U.S.C. § 1331, asserting that plaintiffs' claims depend on the resolution of a substantial, disputed federal question and the exercise of jurisdiction will not disrupt the balance between federal and state jurisdiction adopted by Congress. Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if a federal question is presented on the face of the well-pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). "It is not enough that the plaintiff alleges some anticipated defense to his cause of action, and asserts that the defense is invalidated by some provision of the Constitution of the United States." *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

Although federal question jurisdiction is generally invoked when a plaintiff pleads a federal cause of action, "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005); see *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699 (2006) (describing these

types of state law claims as a "special and small category"). The "mere presence" of a federal issue in a state cause of action, however, "does not automatically confer federal question jurisdiction." *Merrell Dow*, 478 U.S. at 813. To be removable, the state law claim must "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314; see also *Gunn v. Minton*, 133 S. Ct. 1059, 1065 (2013) ("[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Where all four of these requirements are met . . . jurisdiction is proper . . . .").

"The substantiality inquiry under *Grable* looks [] to the importance of the issue to the federal system as a whole." *Gunn*, 133 S. Ct. at 1066. The Supreme Court has identified examples to assist in this inquiry. First, a question that the government has a strong interest in litigating in a federal forum, such as the compatibility of a federal agency's action with a federal statute, is more likely to be a substantial federal question. *Grable*, 545 U.S. at 315–16. Also, a pure question of law that can be settled and thereafter would control numerous other cases is

more likely to be a substantial federal question. *Empire Healthchoice*, 547 U.S. at 700–01.

Defendants contend that plaintiffs' state law claims raise substantial federal questions, because they are predicated on numerous alleged violations of federal requirements. To avoid preemption of their state law claims, plaintiffs are required to allege specific violations of federal requirements. The Medical Device Amendments (MDA) to the Federal Food, Drug and Cosmetic Act (FDCA) contain an express preemption provision, preventing states from imposing requirements on medical devices "different from, or in addition to" those imposed by federal law. 21 U.S.C § 360k(a). However, the MDA "does not prevent a State from providing a damages remedy for claims premised on a violation of FDA regulations; the state duties in such a case are 'parallel,' rather than add to, federal requirements." *Riegel v. Medtronic, Inc.*, 552 U.S. 312, 330 (2008) (quoting *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 495 (1996)). Thus, to escape express preemption, the plaintiff's claim must be for conduct that violates the FDCA. *In re Medtronic, Inc., Sprint Fidelis Leads Prods. Liab. Litig.*, 623 F.3d 1200, 1204 (8th Cir. 2010); see also *Wolicki-Gables v. Arrow Int'l, Inc.*, 634 F.3d 1296, 1301 (11th Cir. 2011) ("To properly allege parallel claims, the complaint must set forth facts pointing to specific [federal] requirements that have been violated." (internal quotations and citation

omitted)). Accordingly, the federal issues in the complaint were necessarily raised and are actually disputed.

However, a federal issue that is necessarily raised and actually disputed within a state law claim is insufficient by itself to grant federal jurisdiction over the state law claim. The federal issue also must be substantial and capable of resolution in federal court without disrupting the federal-state balance approved by Congress. *Gunn*, 133 S. Ct. at 1065; *Grable,* 545 U.S. at 314. Congress specifically declined to create a federal private cause of action under the FDCA. See *Merrell Dow*, 478 U.S. at 814 ("[T]he congressional determination that there should be no federal remedy for the violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction."). Furthermore, Congress also declined to preempt all state remedies or divest state courts of jurisdiction in the FDCA. This demonstrates that the federal issues raised by plaintiffs' state law claims are not capable of resolution in federal court without disrupting the federal-state balance approved by Congress. See *Grable*, 545 U.S. at 318 ("[T]he [*Merrell Dow*] Court treated the combination of no federal cause of action and no preemption of state remedies for misbranding as an important clue to Congress' conception of the scope of jurisdiction to be exercised under § 1331.").

Under the FDCA there is no federal cause of action, no preemption of all state remedies, and state court jurisdiction remains. The Court finds that the federal issues raised in plaintiffs' complaint are not substantial, and accepting federal jurisdiction would disrupt the federal-state balance contemplated by Congress. Other courts have also rejected substantially similar arguments raised by defendants in attempts to remove medical device products liability cases to federal court. See, e.g., *Carmine v. Poffenbarger*, Case No. 1:15-CV-1207, 2015 WL 9581416 (E.D. Va. Dec. 29, 2015); *Mihok v. Medtronic, Inc*., 119 F. Supp. 3d 22 (D. Conn. 2015); *Fenn v. Philips Elecs. N. Am. Corp., Civ*. No. 14-96-DLB-JGW, 2015 WL 632154 (E.D. Ky. Feb. 13, 2015); *Mauk v. Medtronic, Inc*., 41 F. Supp. 3d 654 (W.D. Ky. 2014); *Anders v. Medtronic, Inc*., No. 4:14-CV-00194 (ERW), 2014 WL 162352 (E.D. Mo. Apr. 24, 2014); *Goade v. Medtronic, Inc*., No. 13-5123-CV-SW-ODS, 2013 WL 6237853 (W.D. Mo. Dec. 3, 2013). The Court therefore also lacks federal question jurisdiction as a basis for removal.

**Conclusion**

Because no subject matter jurisdiction exists, this case must be remanded. 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3); *Wilkinson*, 478 F.3d at 963.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand [Doc. No. 17] is **GRANTED.**

**IT IS FURTHER ORDERED** that this matter is remanded to the Circuit Court for the Twenty-Second Judicial Circuit, City of St. Louis, Missouri, from which it was removed, under 28 U.S.C. § 1447(c).

Dated this 2nd day of December, 2016.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE